**Form 3015-1 - Chapter 13 Plan**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA THIRD DIVISION**

**MODIFIED**
**CHAPTER 13 PLAN**

In re:
JEFFREY M WIGSTROM
CATHERINE D WIGSTROM

Dated: October 23, 2017

DEBTOR                                                                 Case No. 17-32643
*In a joint case,*
*debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE —**
   a.   As of the date of this plan, the debtor has paid the trustee $ _0.00_ .
   b.   After the date of this plan, the debtor will pay the trustee $325.00 per month for 4 months beginning September 2017 for a total of $1,300.00; **then** $415.00 per month for 56 months beginning January 2018 for a total of $23,240.00, for a grand total of $24,540.00. The minimum plan payment length is _X_ 36 or __ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c.   The debtor will also pay the trustee __**The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of federal and state income tax returns at the time they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case. The debtor(s) shall be entitled to retain the first $1,200 (single debtor or single tax return filer) or $2,000 (joint debtor or joint tax return filer), plus any earned income credit (EIC), plus any Minnesota Working Family credit. Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**
   d.   The debtor will pay the trustee a total of $24,540.00 [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE —** The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $2,454.00, [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] —** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | Creditor | Monthly Payment | Number of Months | Total Payments |
   |---|---|---|---|
   | -NONE- | $ | | $ |
   | a. TOTAL | | | $ 0.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] —** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

   | Creditor | Description of Property |
   |---|---|
   | -NONE- | |

5. **CLAIMS NOT IN DEFAULT —** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

   | Creditor | Description of Property |
   |---|---|
   | -NONE- | |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] —** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

   | | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|---|
   | a. | SETERUS | $ 16,761.00 | $ 194/323/373 | 5/20/46 | 15/26/15 | $ 16,761.00 |
   | b. | TOTAL | | | | | $ 16,761.00 |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| | Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| a. | CITY OF MAHTOMEDI | $ 1,989.00 | | $ 50.00 | 5 | 41 | $ 1,989.00 |
| b. | TOTAL | | | | | | $ 1,989.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| | Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) x | (No. of Pmnts) = | Pmnts on Account of Claim + | (Adq. Prot. from ¶ 3) = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|
| a. | | | | | | | | | | |
| a. | | | | | | | | | | |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates.* The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | IRS | | | | | |
| b. | MNDR | | | | | |
| c. | DSO | | | | | |
| d. | Attorney Fees | $ 2,999.00 | $ 292.00/129.00 | 1/5 | 4/15 | $ 2,999.00 |
| e. | TOTAL | | | | | $ 2,999.00 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:  -NONE-
    The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

| | Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | $ |
| a. | TOTAL | | | | | | $ 0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $337.00  [line 1(d) minus lines 2, 6(b), 7(a), 8(b), 9(b) and 10(a)].

   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ 0.00 .
   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ 31,755.00 .
   c. Total estimated unsecured claims are $ 31,755.00  [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** — The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.

   In the event a secured creditor is granted stay relief or there is a surrender, repossession or return of the collateral to the creditor for any reason, the creditor may file a proof of claim for any deficiency within 30 days after the surrender. repossession, or return of the collateral. If such a proof of claim is filed, the claim, if any, will be paid as an unsecured claim in accordance with non-bankruptcy law and be dischargeable upon completion of this plan or any future modified plan.

**14. SUMMARY OF PAYMENTS —**

| | |
|---|---:|
| Trustee's Fee [Line 2] | $ 2,454.00 |
| Home Mortgage Defaults [Line 6(b)] | $ 16,761.00 |
| Claims in Default [Line 7(a)] | $ 1,989.00 |
| Other Secured Claims [Line 8(a)] | $ 0.00 |
| Priority Claims [Line 9(b)] | $ 2,999.00 |
| Separate Classes [Line 10(a)] | $ 0.00 |
| Unsecured Creditors [Line 11] | $ 337.00 |
| **TOTAL [must equal Line 1(d)]** | $ 24,540.00 |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
Robert J. Hoglund 210997
Hoglund, Chwialkowski & Mrozik P.L.L.C
1781 West County Road B
PO Box 130938
Roseville, MN 55113-4052
(651) 628-9929
210997

Signed    /s/ JEFFREY M WIGSTROM
JEFFREY M WIGSTROM
DEBTOR

Signed    /s/ CATHERINE D WIGSTROM
CATHERINE D WIGSTROM
DEBTOR (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  Bkry Case No: 17-32643

Jeffrey M Wigstrom  Chapter 13

and

Catherine D Wigstrom

Debtor(s).

**NOTICE OF FILING MODIFIED CHAPTER 13 PLAN PRIOR TO CONFIRMATION**

TO: ALL PARTIES IN INTEREST

PLEASE TAKE NOTICE that the debtor(s), pursuant to Local Rule 3015-2(a) have filed the attached modified Chapter 13 Plan. The Hearing on Confirmation of the Modified Plan is scheduled for November 30, 2017 at 10:30 a.m. in United States Bankruptcy Court, Courtroom 2B, Second Floor, 316 North Robert Street, St. Paul, Minnesota.

Any objection to this Modified Plan must be served by delivery not later than 24 hours prior to the time and date set for the confirmation hearing or mailed not later than three days prior to the date set for the confirmation hearing.

Dated: October 24, 2017

HOGLUND, CHWIALKOWSKI & MROZIK, PLLC
Signed: /e/ ***Robert J. Hoglund***
| | |
|---|---|
| Robert J. Hoglund | #210997 |
| Keith Chwialkowski | #210134 |
| Marie F. Martin | #287040 |
| Jeffrey J. Bursell | #293362 |
| Kristen M. Whelchel | #339866 |

Attorney for Debtor(s)
1781 West County Road B
P.O. Box 130938
Roseville, Minnesota 55113
Telephone Number: (651) 628-9929

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Bkry Case No: 17-32643 |
| Jeffrey M Wigstrom | Chapter 13 |
| and | |
| Catherine D Wigstrom | **UNSWORN CERTIFICATE** |
| Debtor(s). | **OF SERVICE** |

I, Melissa Matthews, employed by Hoglund, Chwialkowski & Mrozik, PLLC, attorneys licensed to practice law in this Court, with office address of 1781 West County Road B, Roseville, Minnesota 55113, declare that on October 24, 2017, I served the Modified Chapter 13 Plan and Notice of Filing Modified Plan Prior to Confirmation to each of the entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

Jeffrey & Catherine Wigstrom
321 Jesse James Lane
Saint Paul, MN 55115

And to all creditors/parties in interest listed on matrix (see attached)

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: October 24, 2017

Signed: /e/ Melissa Matthews
         Paralegal

```
Label Matrix for local noticing          Federal National Mortgage Association         St Paul
0864-3                                   Shapiro & Zielke, LLP                         200 Warren E Burger Federal Building and
Case 17-32643                            12550 West Frontage Rd.                       US Courthouse
District of Minnesota                    Ste 200                                       316 N Robert St
St Paul                                  Burnsville, MN 55337-2475                     St Paul, MN 55101-1465
Tue Oct 24 08:04:54 CDT 2017

CAPITAL ONE                              CAPITAL ONE BANK                              CARE CREDIT/SYNCHRONY BANK
PO BOX 71087                             PO BOX 6492                                   ATTN BANKRUPTCY DEPT
CHARLOTTE NC 28272-1087                  CAROL STREAM IL 60197-6492                    PO BOX 965061
                                                                                       ORLANDO FL 32896-5061


CITY OF MAHTOMEDI                        COLLECTION RESOURCES                          GOODYEAR
600 STILLWATER RD                        PO BOX 2270                                   PO BOX 790594
MAHTOMEDI MN 55115-2098                  2700 1ST ST N STE 303                         SAINT LOUIS MO 63179
                                         SAINT CLOUD MN 56303-4583


HEALTH PARTNERS                          HERBERGERS                                    (p)INTERNAL REVENUE SERVICE
PO BOX 1309                              PO BOX 659813                                 CENTRALIZED INSOLVENCY OPERATIONS
MINNEAPOLIS MN 55440-1309                SAN ANTONIO TX 78265-9113                     PO BOX 7346
                                                                                       PHILADELPHIA PA 19101-7346


IRS                                      LENDING CLUB                                  MACYS
PO BOX 7346                              71 STEVENSON ST STE 300                       PO BOX 9001094
PHILADELPHIA PA 19101-7346               SAN FRANCISCO CA 94105-2985                   LOUISVILLE KY 40290-1094


MERRICK BANK                             MN DEPT OF REVENUE                            PROSPER FUNDING
PO BOX 660702                            551 BKCY SECTION CEU DEPT                     221 MAIN ST STE 300
DALLAS TX 75266-0702                     PO BOX 64447                                  SAN FRANCISCO CA 94105-1909
                                         SAINT PAUL MN 55164-0447


SAMS CLUB/SYNCHRONY BANK                 SETERUS                                       SHAPIRO & ZIELKE LLP
PO BOX 530942                            PO BOX 1077                                   ATTORNEYS AT LAW
ATLANTA GA 30353-0942                    HARTFORD CT 06143-1077                        12550 W FRONTAGE RD STE 200
                                                                                       BURNSVILLE MN 55337-2475


US Trustee                               VITAL RECOVERY SERVICES LLC                   CATHERINE D WIGSTROM
1015 US Courthouse                       PO BOX 923748                                 321 JESSE JAMES LN
300 S 4th St                             NORCROSS GA 30010-3748                        SAINT PAUL, MN 55115-1791
Minneapolis, MN 55415-3070



Gregory A Burrell                        JEFFREY M WIGSTROM                            Robert J. Hoglund
100 South Fifth Street                   321 JESSE JAMES LN                            Hoglund, Chwialkowski & Mrozik, PLLC
Suite 480                                SAINT PAUL, MN 55115-1791                     1781 West County Road B
Minneapolis, MN 55402-1250                                                             P.O. Box 130938
                                                                                       Roseville, MN 55113-0019
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
IRS
30 E 7TH STREET SUITE 1222
MAIL STOP 5700
SAINT PAUL MN 55101
```

End of Label Matrix
Mailable recipients    26
Bypassed recipients     0
Total                  26

REVISED 12/15

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Jeffrey M. Wigstrom
Catherine D. Wigstrom
Debtor(s).

Case No. 17-32643

## SIGNATURE DECLARATION

- [ ] PETITION, SCHEDULES & STATEMENTS
- [ ] CHAPTER 13 PLAN
- [ ] VOLUNTARY CONVERSION, SCHEDULES & STATEMENTS
- [ ] AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
- [X] MODIFIED CHAPTER 13 PLAN
- [ ] OTHER: PLEASE DESCRIBE: _____

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. [Individual debtors only] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. [corporate and partnership debtors only] I have been authorized to file this petition on behalf of the debtor.

Date: October 23, 2017

x_____
Signature of Debtor 1 or Authorized Representative

x_____
Signature of Debtor 2

_____
Printed name of Debtor 1 or Authorized Representative

_____
Printed Name of Debtor 2